

# United States District Court



EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

**ORDER SETTING CONDITIONS
OF RELEASE**

**TRAVIS RAY PIXLEY**          Case Number:  *1:12-cr-00084 AWI-DLB*

Defendant

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1)  The defendant shall not commit any offense in violation of federal, state, or local law while on release in this case.

(2)  The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. Section 14135a.

(3)  The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(4)  The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. **The defendant shall next appear at U.S. District Court, 2500 Tulare Street, 6th Floor, Courtroom 9 before Judge Dennis L. Beck on April 9, 2012 at 1:00 p.m.**

## Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ )  (4)  The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( )  (5)  The defendant executes an unsecured bond binding the defendant to pay the United States the sum of ___ dollars in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

PIXLEY, Travis Ray
Dkt. No. 12-0084001

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is **FURTHER ORDERED** that the release of the defendant is subject to the conditions marked below:

(X)   (6)   The defendant is placed in the custody of:
            Name of person or organization   Ashley Gors

who agrees (a) to supervise the defendant in accordance with all conditions of release,
(b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

SIGNED: _____
                CUSTODIAN OR PROXY

(X)   (7)   The defendant shall:

(X)   (a)   **report on a regular basis to the following agency:**
            **Pretrial Services and comply with their rules and regulations.**

(X)   (b)   **abide by the following restrictions on his personal associations, place of abode, or travel:**
            **Reside at a residence approved by Pretrial Services, and not move or be absent from this residence for more than 24 hours without prior approval of PSO; travel restricted to the Eastern District of CA, unless otherwise approved in advance by PSO.**

( )   (c)   maintain or actively seek employment, and provide proof thereof to the PSO upon request.

( )   (d)   maintain or commence an educational program.

( )   (e)   avoid all contact with the following named persons, who are considered either alleged victims or potential witnesses: , unless in the presence of counsel or otherwise approved in advance by the PSO.

(X)   (f)   **refrain from possessing a firearm, destructive device, or other dangerous weapon.**

( )   (g)   refrain from excessive use of alcohol, and any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 USC §802 unless prescribed by a licensed medical practitioner.

( )   (h)   submit to drug and/or alcohol testing as directed by PSO.

( )   (i)   report any prescriptions to PSO within 48 hours of receipt.

( )   (j)   undergo medical or psychiatric treatment and/or remain in an institution, as follows: Including treatment for drug and/or alcohol dependency, and pay for costs as approved by the PSO.

(X)   (k)   **not view or possess child pornography as defined by 18 USC 2256(8), except in the presence of your attorney to prepare for your defense.**

(X)   (l)   **not access the Internet and you shall provide proof of the disconnection or termination of this service as required by the PSO.**

(X)   (m)   **not use or possess a computer in your residence or at any other location; Pretrial Services may only approve employment-related use of a computer**

(X)   (n)   **the PSO shall advise your employer of the conditions of release that may limit your work-related use of a computer or limit your work activities.**

(X)   (o)   **not loiter or be found within 100 feet of any school yard, park, playground, arcade or other place primarily used by children under the age of 18.**

(X)   (p)   **not associate or have verbal, written, telephonic or electronic communication with any person who is under the age of 18, except in the presence of the defendant's third party custodian or another adult who is the parent or legal guardian of the minor.**

(X)   (q)   **not be employed or participate in any volunteer activities in which there is the likelihood of contact with children under the age of 18.**

(X)   (r)   **not use any device offering Internet access as a means of accessing any material that relates to the criminal activity charged in the pending allegations.**

( )   (s)   surrender any passport to the Clerk, United States District Court prior to your release from custody.

( )   (t)   obtain no passport during the pendency of this case.

(X)   (u)   **participate in the Curfew component of the remote location monitoring program and abide by all the requirements of the program which will include electronic monitoring or other location verification monitoring system. The defendant shall pay all or part of the costs of the program based upon your ability to pay as determined by the Pretrial Services Officer. You are restricted to your residence everyday from 9:00 p.m. to 5:00 a.m., or as directed by the PSO.**

(X)   (v)   **report in person to the Pretrial Services Agency on the first working day following your release from custody,**

12CR84    Pixley, Travis

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTION:

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 USC §3148, and a prosecution for contempt as provided in 18 USC §401 which could result in a possible term of imprisonment and/or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than ninety days or more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 USC §1503 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 USC §1510 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to obstruct a criminal investigation; 18 USC §1512 makes it a criminal offense punishable by up to ten years in prison and a $250,000 fine to tamper with a witness, victim or informant; and 18 USC §1513 makes it a criminal offense punishable by up to ten years in jail and a $250,00 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 USC §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for;

(1)    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)    an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not ore than five years, or both;

(3)    any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)    a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

꒦

_____
Signature of Defendant

## DIRECTIONS TO UNITED STATES MARSHAL

(X)    The defendant is ORDERED released after processing.

( )    The United States Marshal is ORDERED to keep the defendant in custody until notified by the Clerk of Judicial Officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate Judicial Officer at the time and place specified, if still in custody.

DATE:    3-28-2018

_____
_Gary S. Austin/ U.S. Magistrate Judge_

COPY:    DEFENDANT        U.S. ATTORNEY        U.S. MARSHAL        PRETRIAL SERVICE